**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| C.F.M.E.,<br><br>    Petitioner,<br><br>v.<br><br>TRINITY MINTER, Warden, West<br>Tennessee Detention Facility, et al.,<br><br>    Respondents. | ) ) ) ) ) ) ) ) ) )    No. 2:26-cv-02269-SHL-tmp |

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S
EMERGENCY MOTION FOR INJUNCTIVE RELIEF; STAYING REMOVAL OF
PETITIONER; AND ORDERING RESPONDENT TO SHOW CAUSE**

Petitioner C.F.M.E. seeks an emergency temporary restraining order ("TRO") or preliminary injunction preventing his removal from the United States, and an emergency hearing, based on his imminent transfer to an Immigrations and Customs Enforcement ("ICE") pre-removal "staging facility" in Alexandria, Louisiana, and the 28 U.S.C. § 2241 Petition filed here. (ECF Nos. 6 at PageID 82–83; 6-1 at PageID 87.)  C.F.M.E. filed the Petition under § 2241 on March 13, 2026, challenging his detention in the West Tennessee Detention Center as violative of his Fifth Amendment due process rights, and seeking immediate release and reinstatement of his "Order of Supervision."  (ECF No. 1 at PageID 2.)

C.F.M.E. filed the present Motion because he expects to soon be transferred to a pre-deportation ICE facility in Louisiana, outside of this District.  (ECF No. 6-1 at PageID 86–87, 94.)  In the Motion, he seeks (1) "an immediate [TRO] . . . enjoining Respondents from removing [him] from" this District or the United States, and (2) an emergency hearing on the motion via telephone or videoconference, this week.  (ECF No. 6 at PageID 82–83.)  He asserts that the Court will retain jurisdiction here because he was detained in this District at the time he

filed the Petition, even if he is later transferred to Louisiana.  (ECF No. 6 at PageID 81.)  He argues that he is entitled to a TRO under Federal Rule of Civil Procedure 65(b) because he has shown "(1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) that the balance of equities tips in the [his] favor; and (4) that an injunction is in the public interest."  (ECF No. 6-1 at PageID 88.)

Also, C.F.M.E. avers that he has served the Petition and the Motion on Respondents by email to stuart.canale@usdoj.gov.  And Stuart J. Canale has filed a notice of appearance on Respondents' behalf.  (ECF No. 7.)  Because some of the relief that C.F.M.E. requests in the Motion may be more properly granted as part of the Court's consideration of the Petition, the Motion is **GRANTED IN PART AND DENIED IN PART**.  Upon review of the Petition and Motion, it is **ORDERED** as follows:

(1)     Respondents shall not transfer C.F.M.E. out of the West Tennessee Detention Center or the United States during the pendency of this action.

(2)     Within **five days** of the entry of this Order, Respondents shall respond to the Petition for a Writ of Habeas Corpus in writing, and show cause as to why the Petition should not be granted.

(3)     Petitioner C.F.M.E. may file a reply within **two days** after Respondents' responsive filing.

(4)     C.F.M.E.'s Motion for Order to Show Cause (ECF No. 11) is **DENIED AS MOOT.**

If issues of fact arise after the response, a hearing will be set, and only then will C.F.M.E. be produced in person.  See 28 U.S.C. § 2243.

**IT IS SO ORDERED,** this 20th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE