**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| C.F.M.E., <br><br>       Petitioner, <br><br> v. <br><br> TRINITY MINTER, Warden, West Tennessee Detention Facility, et al., <br><br>       Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> )     No. 2:26-cv-02269-SHL-tmp <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND TO REDACT OR SEAL IDENTIFYING INFORMATION**

By motion filed March 23, 2026, Petitioner C.F.M.E. seeks leave to proceed under his initials, and to redact his personal identifying information in record filings, because of his status as a cooperating crime victim and T-visa applicant.  (ECF No. 15.)  He filed the Petition on March 13, challenging the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement's ("ICE") alleged revocation of his Order of Release on Recognizance ("OREC") and his continued detention in the West Tennessee Detention Facility as violative of his constitutional rights.  (ECF No. 1.)  Respondents do not oppose the Motion to Proceed Under a Pseudonym.  (ECF No. 15-1 at PageID 151.)

"The 'general rule [is] that a complaint must state the names of the parties.'"  Doe v. Fedex Ground Package Sys., Inc., No. 21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (quoting Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630, 636 (6th Cir. 2005)).  However, a party may proceed under a pseudonym where their "privacy interests substantially outweigh the presumption of open judicial proceedings."  Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004).  In balancing these interests, a court should consider:

(1) whether the [individual] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [individual] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [the individual] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [individual is a child].

Id. (citing Doe v. Stegall, 653 F.2d 180, 185–86 (5th Cir. 1981)).  "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously."  Fedex, 2021 WL 5041286, at *5 (internal citations omitted).

C.F.M.E. requests leave to proceed under a pseudonym, and for his identifying information in this action to be either redacted or filed under seal, because "[p]ublic disclosure of" information about his "cooperation with law enforcement, his family circumstances, and the details of his T-visa and deferred-action status" would "heighten the risk of retaliation or harm to" him "and his family."  (ECF No. 15-1 at PageID 147.)  In support, C.F.M.E. first argues that he is entitled to the confidentiality protections built into the Trafficking Victims Protection Act and federal administrative codes because he is the victim of a crime and had a pending T-visa application "based on his cooperation with law enforcement."  (Id. at PageID 147, 149.)  He further argues that his filings will include "sensitive facts regarding a trafficking-victim-based protection claim," and that if those facts are made public, he and his family would be at greater risk of retaliation.  (Id. at PageID 151.)  In addition, C.F.M.E. argues that Respondents will not be prejudiced if the Motion is granted, because (1) he has already disclosed his identity to Respondents' counsel; (2) both Parties can redact identifying information or file under seal, which renders his requested relief narrowly tailored; and (3) Respondents are "sued in their official capacities."  (Id. at PageID 151–53.)

Here, at least two of the Porter factors weigh in favor of granting the Motion.  First,

C.F.M.E.'s Petition is a direct challenge to governmental activity, specifically Respondents' alleged revocation of his release status and imprisonment without notice in mid-March 2026. (ECF No. 1 at PageID 12–14.)  Second, the details of C.F.M.E.'s cooperation with law enforcement consist of information that is "of the utmost intimacy," as they involve his alleged status as a victim of a trafficking crime and specific matters that he has not exposed to the public.

Moreover, two other factors weigh in favor of granting the Motion.  C.F.M.E. has a fear of retaliation against himself and his family if certain individuals learn about his cooperation, which means he risks injury, if identified.  See United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1980) ("In a related habeas corpus proceeding the file was sealed, the parties and the court agreeing that due to appellant's testimony as a government witness, he faced a risk of serious bodily harm if his role on behalf of the Government were disclosed to other inmates."), cited with approval in Doe v. I.N.S., U.S. Dep't of Just., 867 F.2d 285, 286 n.1 (6th Cir. 1989).  And there is little, if any, prejudice to Respondents, as they do not oppose the Motion.  Also, they are sued in their official capacity, which favors pseudonymity.  See Doe v. Webster County, No. 21-CV-00093, 2022 WL 124678, at *2 (W.D. Ky. Jan. 12, 2022) ("Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about 'reputation' that private individuals have when they are charged with wrongdoing." (quotation modified) (quoting Doe v. Shakur, 164 F.R.D. 359, 361 n.1 (S.D. N.Y. 1996)).  Finally, Respondents already have access to the identifying information that they need about C.F.M.E. to proceed.

For the reasons stated above, C.F.M.E.'s Motion is **GRANTED**, and **IT IS ORDERED THAT**:

(1)   C.F.M.E. may proceed under his initials in the case caption and all filings in this action;

and

(2)    Information that personally identifies C.F.M.E. (including by his full name, date of birth, A-Number, country of birth, addresses, and family names) shall be redacted when filed, or, if not redacted, filed under seal.

**IT IS SO ORDERED,** this 15th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE