**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| C.F.M.E.,<br><br>      Petitioner,<br><br>v.<br><br>TRINITY MINTER, Warden, West<br>Tennessee Detention Facility, et al.,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)   No. 2:26-cv-02269-SHL-tmp<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO EXCEED PAGE
COUNT AND MOTION FOR LEAVE TO ACCEPT LATE-FILED RESPONSE**

Before the Court are Petitioner's Motion for Leave to Exceed Page Count (ECF No. 19)

and Motion for Leave to Accept Late-Filed Response (ECF No. 21).

In the first motion, Petitioner C.F.M.E. seeks leave to exceed the five-page limit on reply

briefs governed by Local Rule 7.2(e).  (ECF No. 19 at PageID 194.)  M.E. filed the habeas

petition challenging his detention in the West Tennessee Detention Facility on March 13, 2026.

(ECF No. 1.)  After an order staying his transfer outside this District and requiring Respondents

to show cause (ECF No. 13), Respondents filed a Response addressing the Petition and prior

order on March 25 (ECF No. 17).  M.E. now seeks leave to exceed the page count by one page,

and has already timely filed his reply, which is six pages long.  (ECF Nos. 19, 20.)  Respondents

have not stated whether they oppose the Motion for Leave to Exceed Page Count.

Local Rule 7.2(e) limits memoranda in support of reply briefs to five pages total.  LR

7.2(e).  The page limit extension here is minimal, and will assist the Court in considering the

Response to the Petition.  For good cause shown, the Motion for Leave to Exceed Page Count is

**GRANTED,** and ECF No. 20 will be fully considered.

Second, M.E. seeks leave to file a late response to Respondents' Motion to Reconsider. (ECF No. 21.)  Respondents filed the Motion to Reconsider on March 25, 2026, arguing that the Court lacks subject matter jurisdiction to stay M.E.'s removal and should reconsider its order granting in part and denying in part M.E.'s previous motion for injunctive relief.  (ECF No. 18.) Therefore, M.E.'s response to the Motion to Reconsider was due April 8, 2026.  LR 7.2(a)(2). M.E. now requests that the Court consider his response, which was filed a day late on April 9, because a clerical error at his counsel's firm resulted in the firm listing the deadline as the wrong day.  (ECF No. 21 at PageID 232.)  M.E.'s counsel apparently consulted with counsel for Respondents, who do not oppose this motion.  (Id.)

Normally, a court may only exercise its discretion to extend a deadline for "good cause" shown.  Fed. R. Civ. P. 6(b)(1).  Good cause is shown by a party's diligence in attempting to meet the deadlines, lack of prejudice to the nonmoving party, and consideration of the length or number of extensions requested.  Reed v. Tipton County, 25-cv-02851, 2025 U.S. Dist. LEXIS 254597, at *1–2 (W.D. Tenn. Dec. 9, 2025) (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)).

However, when "an act . . . must be done within a specified time," and that time has expired, a court may only extend the time to act if the party makes a showing of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  The excusable neglect standard is strict.  Bluff City Partners, LLC v. 22 N. Third, LLC, No. 19-cv-02137, 2020 WL 13111166, at *2 (W.D. Tenn. July 2, 2020) (quoting Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005)).  Four factors are considered when making this determination: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and

(5) whether the late filing party acted in good faith." Id. (citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).

M.E.'s motion demonstrates good cause for allowing his one-day delay in filing his response to the Motion to Reconsider, as the failure to timely respond arose from a clerical error outside of his control. Further, there is little risk of prejudice because the motion for an extension is unopposed. But this request for a one-day extension was filed one day after the April 8 deadline. Despite M.E.'s complete failure to address the excusable neglect factors, though, those factors support granting the motion. There is little risk of prejudice to Respondents, who do not oppose the late filing; consideration of the response will help and not hinder these proceedings; the delay is relatively short; and the delay appears to have been out of M.E.'s control. For these reasons, the Unopposed Motion for Leave to Accept Late-Filed Response is **GRANTED**. M.E.'s counsel is reminded that the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas statute, apply to this habeas action. Malih v. Ladwig, No. 26-CV-2150, 2026 WL 417403, at *1 (W.D. Tenn. Feb. 13, 2026). Thus, she is warned, when asking for extensions in the future, to address the legal standards that apply to her request so that the Court may fairly apply them.

IT IS SO ORDERED, this 15th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3