**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| C.F.M.E., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | No. 2:26-cv-02269-SHL-tmp |
| Director of Immigration and Customs | ) | |
| Enforcement, New Orleans Field Office, | ) | |
| Immigration and Customs Enforcement, | ) | |
|     Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING RESPONDENT TO RELEASE PETITIONER**

Before the Court are C.F.M.E.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), filed March 13, 2026, and Respondent Christopher Bullock's[1] Response to Order to Show Cause (ECF No. 26).  M.E. is a citizen of Guatemala who entered the United States as a minor in early 2017.  Immigration and Customs Enforcement ("ICE") officers arrested M.E. without notice or post-arrest hearing in March 2026.  In the Petition, he challenges his continued detention without a bond hearing or opportunity to contest the facts underlying his immigration-related detention.  (ECF No. 1 at PageID 38–53.)  Conversely, Respondent generally opposes the Court's exercise of jurisdiction here and maintains that M.E. was not entitled to any hearing or pre-arrest notice.  (See ECF Nos. 17, 18.)

In an order entered on May 8, 2026, the Court considered the underlying facts, M.E.'s

---

[1] The Government seeks substitution of Christopher Bullock as the sole respondent, as he is the Field Office Director of Immigration and Customs Enforcement in the New Orleans Field Office.  (ECF No. 26 at PageID 281 n.1.)  The Clerk is respectfully **DIRECTED** to modify the docket to reflect that Christopher Bullock is the sole Respondent.

claims, and the applicable immigration laws, concluding that M.E. is entitled to relief absent a showing otherwise by Respondent.  (ECF No. 25.)  That order denied Respondent's Motion to Reconsider based on the Court's jurisdiction over M.E.'s Fifth Amendment and Accardi claims.  (ECF No. 25 at PageID 271-272.)  Those claims are premised on Respondent's alleged failures to follow the immigration statutes and regulations applicable to M.E.—namely 8 U.S.C. § 1231(a) and 8 C.F.R. § 241.4(l)—during and after his arrest in March 2026.  Thus, those claims are justiciable.  (See id. at PageID 270–71 ("Given its plain meaning, [8 U.S.C. § 1252(g)] does not limit jurisdiction here, where a habeas petitioner in immigration-related custody challenges the process applied to him during his detention.").)

In addition, for reasons explained in more detail in the prior order, that order found that the procedural requirements under 8 C.F.R. § 241.4(l) indeed apply.  Because (a) the Government issued M.E. an order of release on recognizance ("OREC") in 2017, (b) an immigration judge ("IJ") ordered M.E. removed in 2018, and (c) M.E.'s statutory "removal period"[2] has long passed, any immigration-related arrest or custody is governed by § 241.4(l).  (Id. at PageID 274.)  Section 241.4(l)(1) allows the Government to "return[]" a noncitizen  with an OREC "to custody" after the removal period, but subject to several procedural requirements.  8 C.F.R. § 241.4(l)(1).

First, the Government must notify the noncitizen of the reasons for which their release is revoked.  Id.  Then, it must provide the noncitizen "an initial informal interview promptly after" they are arrested.  Id.  Subsequently, if the noncitizen is not released, the Government follows a

---

[2] A noncitizen's immigration-related civil detention is governed by 8 U.S.C. § 1231 at all times after a removal order.  "Removal period" refers to a ninety-day period after a removal order  becomes administratively final, within which detention of a noncitizen is mandatory.  8 U.S.C. § 1231(a)(1)(A), (a)(2).

review process that begins with a "records review and scheduling of an interview." Id. §

241.4(l)(3).  This review process is the noncitizen's chance to contest facts related to revocation

and arrest.  Given that these procedural protections apply to M.E., the Court ordered Respondent

to show cause as to whether M.E. was provided process under § 241.4(l).  (ECF No. 25 at

PageID 280.)

But in his Response to the show cause order, Respondent states that M.E. "was not

afforded process under 8 C.F.R. § 241.4(l), because he was not entitled to such process."  (ECF

No. 26 at PageID 281.)  Respondent briefly repeats his original arguments in opposition to the

Petition, particularly his contention that M.E.'s OREC was not a "type of release" under the

relevant regulations, but instead "was a type of bond" that did not need to be revoked.  (Id. at

PageID 281–82 (first quotation modified).)  According to Respondent, § 241.4(l)(1) expressly

mentions "orders of supervision" ("OSUPs"), and M.E. did not have an OSUP.  (Id. at PageID

282.)  Also, Respondent has not released M.E. pursuant to the prior order and asserts that the

Petition should be denied.

The Court has already found that M.E.'s OREC is a type of supervised release or "order

of supervision" that must be revoked before ICE can detain him in pursuance of removal, a

finding supported by various other courts' decisions.  See Ebu v. Tindall, No. 25-cv-779, 2026

U.S. Dist. LEXIS 20063, at *7–9 (W.D. Ky. Jan. 30, 2026) ("[T]he section [of the OREC] that

states 'I hereby cancel this order' is unsigned, undated, and not marked. . . . [F]ollowing the plain

text of the regulation, [petitioner] can only be detained after his Form I-220A was properly

revoked."); see also Sandhu v. Mullin, 26CV5009, 2026 U.S. Dist. LEXIS 92721, at *10 (N.D.

Neb. Apr. 28, 2026) ("In fact, the section of [petitioner's] order of release on recognizance titled

'Cancellation of Order' is blank. . . . It appears, based on the evidence before the Court, the

3

government failed to comply with the statutory and regulatory regime governing revocation here." (internal citations omitted)) (discussing revocation of an OREC in the context of 8 C.F.R. § 236.1, which applies before an order of removal); Salazar v. Noem, 26-CV-1040, 2026 U.S. Dist. LEXIS 27963, at *2 (D. Minn. Feb. 11, 2026) ("[A] number of courts have held that redetention of a person previously released under § 1226, without formally revoking that order of release or following any procedures prior to making a decision that conflicts with an order of release—violates due process." (emphasis added)) (collecting cases); Aslan v. Wamsley, NO. 25-cv-02698, 2026 U.S. Dist. LEXIS 17548, at *2, *6 (W.D. Wash. Jan. 29, 2026) (labelling OREC as "a type of supervision order" and collecting cases ruling that "revocation of an OREC requires a pre-deprivation hearing" (quotation and citations omitted)); cf. Rodriguez v. Baltazar, No. 26-cv-01068, 2026 U.S. Dist. LEXIS 63617, at *3 (D. Colo. Mar. 24, 2026) (using "order of supervision" to refer to an OREC while discussing release conditions placed on noncitizen petitioner); Jimmy C.T.P. v. Bondi, Civil No. 26-1688, 2026 U.S. Dist. LEXIS 46278, at *3 (D. Minn. Mar. 6, 2026) ("[I]t seems that Petitioner was previously released on his own recognizance under § 1226. . . . Respondents do not show that Petitioner's order for release on recognizance was revoked or that there was any change in circumstances that would warrant its revocation.").

Respondent does not contest that M.E.'s OREC was never formally cancelled or revoked. Nor does Respondent show that M.E. received the process that he was due under 8 C.F.R. § 241.4(l)(1), (2), or (3).  In accordance with the Order for Respondents to Show Cause Or, Alternatively, Release Petitioner (ECF No. 25), Respondent violated M.E.'s due process rights and ICE regulations by failing to follow 8 C.F.R. § 241.4's procedures.  Respondent is therefore **ORDERED** to immediately release M.E. from custody and file a status update on the docket

within **two business days** to certify compliance with this Order.

      **IT IS SO ORDERED,** this 26th day of May, 2026.

s/ Sheryl H. Lipman                  

SHERYL H. LIPMAN

CHIEF UNITED STATES DISTRICT JUDGE
